IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MICHAEL EVANS, | § | |
| | § | No. 247, 2017 |
| Defendant Below-Appellant, | § | |
| | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID 9610000374 (N) |
| | § | |
| Plaintiff Below-Appellee. | § | |
| | § | |

Submitted: August 25, 2017
Decided: October 17, 2017

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

## O R D E R

This 17th day of October 2017, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) The appellant, Michael Evans, filed this appeal from the Superior Court's denial of his motion for correction or modification of his sentence. Upon review, we find no abuse of the Superior Court's discretion. Thus, we affirm the judgment on appeal.

(2) Evans was indicted in March 1998 on charges of Robbery in the First Degree, Possession of a Firearm During the Commission of a Felony, and Carjacking. Delaware authorities extradited Evans from New Jersey to stand trial in Delaware in April 1998. A Superior Court jury convicted Evans of the robbery

and weapon offenses. On November 6, 1998, the Superior Court sentenced Evans to a total period of nine years at Level V incarceration, to be suspended after serving seven years in prison for decreasing levels of supervision. Delaware lodged a detainer under the Interstate Agreement on Detainers (IAD) and returned Evans to New Jersey to finish serving his sentence there. Evans was released from custody in New Jersey in May 2005. He remained at liberty until May 9, 2016, when he was incarcerated in Delaware to serve his 1998 sentence.

(3) In April 2017, Evans filed a motion seeking correction or modification of his sentence, asking that the starting date of the sentence be corrected from May 9, 2016 to May 31, 2005, the date when he was paroled by New Jersey authorities. Evans argued that, as an equitable matter, he should receive credit toward his Delaware sentence for all of the time that he erroneously spent at liberty.

(4) We have not adopted the doctrine allowing credit for time spent erroneously at liberty but, in *Jackson v. State*[1], we noted that the application of the doctrine in those jurisdictions that have accepted it and the resulting award of credit time are contingent upon a showing of negligence by the incarcerating authority in carrying out the inmate's sentence. In this case, the Superior Court

---

[1] 2016 WL 4547896, *1 (Del. Aug. 31, 2016).

2

rejected Evans' request for credit time because there was insufficient evidence that the State of Delaware had been negligent in carrying out Evans' sentence. [2]

(5) Evans' only evidence in support of his allegation of Delaware's negligence is a notation in a New Jersey Department of Corrections' file, indicating that New Jersey officials had been advised not to release Evans from custody until Delaware was notified. Contrary to Evans' argument, this notation is not evidence that New Jersey officials, in fact, notified Delaware before Evans was released and that Delaware authorities were negligent in failing to act to detain him. Given the record, we find no abuse of the Superior Court's discretion in denying Evans' motion in this case.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Gary F. Traynor
Justice

---

[2] The Superior Court indicated that it would reconsider Evans' motion for credit time if he could produce any further evidence of specific negligence by the State of Delaware.

3